**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 21-mc-0007-WJM-NYW

IN RE: *EX PARTE* APPLICATION UNDER 28 U.S.C. §
1782 TO TAKE DISCOVERY FROM AMÉRICO
FIALDINI JUNIOR, GUILHERME SCHMIDT
SARMENTO FIALDINI, FILIPE KISMAJOROS
FIALDINI, RENATA CARUSO FIALDINI, SERGIO
FIALDINI NETO, FABIANA ULSON ZAPPA FIALDINI
AND ASPEN 2306, LLC

---

## ORDER

---

Magistrate Judge Nina Y. Wang

Pending before the court is the *Ex Parte* Application for Order to Take Discovery

Pursuant to 28 U.S.C. § 1782 and Incorporated Memorandum of Law ("*Ex Parte* Application")

submitted by Fundação Conrado Wessel ("Applicant" or "Foundation") [#1, filed January 8,

2021], that was referred to this Magistrate Judge for disposition[1] pursuant to 28 U.S.C.

§ 636(b), the Order Referring Case dated January 11, 2021, and the Memorandum dated

January 12, 2021 [#4].[2] Upon consideration of the *Ex Parte* Application for an order under 28

U.S.C. § 1782 to take discovery from Américo Fialdini Júnior, Guilherme Schmidt Sarmento

Fialdini, Filipe Kismajoros Fialdini (formerly known as Filipe Schmidt Sarmento Fialdini),

Renata Caruso Fialdini, Sergio Fialdini Neto, Fabiana Ulson Zappa Fialdini and Aspen 2306,

LLC (collectively, the "Discovery Subjects"), and all papers submitted in support thereof, this

---

[1] Though the United States Court of Appeals for the Tenth Circuit has not expressly passed on the issue, this court notes that other courts within the District of Colorado have concluded that a Magistrate Judge can proceed by order when considering applications for discovery pursuant to 28 U.S.C. § 1782. *See, e.g., Interbrew Central European Holding BV v. Molson Coors Brewing Co.*, No. 13-cv-02096-MSK-KLM, 2013 WL 5567504, at *1 (D. Colo. Oct. 9, 2013). Thus, this court proceeds by Order, subject to review for clear error. *Id.*

[2] The court uses this convention [#__] to refer to the docket entry assigned by the District's Electronic Court Filing ("ECF") system, and uses to page number assigned by the ECF system, rather than any internal numbering used by the Applicant for the purposes of consistency.

Court finds that (1) the statutory requirements of 28 U.S.C. § 1782 are satisfied and (2) the factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) weigh in favor of granting the Application.

## BACKGROUND

Applicant Fundação Conrado Wessel initiated this action by the filing of its *Ex Parte* Application, and supporting documents thereto, on January 6, 2021. [#1]. Applicant is a non-profit foundation founded in 1994 and located in the city of Sao Paolo, Brazil. [#1-3 at ¶ 5]. One of the Discovery Subjects, Americo Fialadini Junior ("Americo") served as the Foundation's president from February 2000 to his resignation in June 2017. [*Id.* at ¶ 6]. Discovery Subjects Gúlherme Schmidt Sarmento Fialdini ("Guilherme") and Filipe Kismajoros Fialdini ("Filipe", formerly known as Filipe Schmidt Samento Fialdini) are Americo's sons. [*Id.* at ¶ 7]. Discovery Subjects Renata Caruso Fialdini ("Renata"), Fabiana Ulson Zappa Fialdini ("Fabiana"), and Sergio Fialdini Neto ("Sergio") are Americo's wife, sister-in-law, and brother, respectively (collectively, "Fialdini Discovery Subjects"). [*Id.* at ¶¶ 8-9, 11]. There is no assertion that the Fialdini Discovery Subjects reside in Colorado or are U.S. citizens; rather, they are foreign nationals and are anticipated to be in Aspen, Colorado from January 2021 to the end of February 2021 on holiday. [*Id.* at ¶ 12]. Discovery Subject Aspen 2306, LLC ("Aspen LLC") is the owner of the real property in Aspen, Colorado that the Fialdini family rents while in Aspen. [#1-2, #1-18]. It does not appear that Aspen LLC is incorporated in Colorado, but rather is a Florida limited liability company. *See* [Attach. 1]; Fed. R. Evid. 201(b); *Llewellyn v. Allstate Home Loans, Inc.*, No. 08-CV-00179-WJM-KLM, 2011 WL 2533572, at *1 (D. Colo. June 27, 2011) (citations omitted) (observing that a court may take judicial notice of business records from a state Secretary of State's website as public records and government documents that are not subject to reasonable dispute).

The Foundation avers that Americo embezzled funds from it to support a lavish

lifestyle, including annual trips to Aspen.  [#1 at 11].  Specifically, the Foundation avers that

Americo, his sons, Guilherme and Filipe, and his brother, Sergio, are associated with various

entities, both within and outside of Brazil, that received direct transfers of funds from the

Foundation or its administrative arm ("FCW").  [*Id.* at 10-12].  Thus, it seeks evidence from

the Discovery Subjects in the form of documents and deposition testimony for use in an

ongoing civil proceeding and a criminal investigation in Brazil.  [#1 at 7].

The court now turns to the consideration of the Application.

## LEGAL STANDARDS

Section 1782(a) of Title 28 of the United States Code provides:

The district court of the district in which a person resides or is found may order
him to give his testimony or statement or to produce a document or other thing
for use in a proceeding in a foreign or international tribunal, including criminal
investigations conducted before formal accusation. The order may be made
pursuant to a letter rogatory issued, or request made, by a foreign or
international tribunal or upon the application of any interested person and may
direct that the testimony or statement be given, or the document or other thing
be produced, before a person appointed by the court. By virtue of his
appointment, the person appointed has power to administer any necessary oath
and take the testimony or statement. The order may prescribe the practice and
procedure, which may be in whole or part the practice and procedure of the
foreign country or the international tribunal, for taking the testimony or
statement or producing the document or other thing. To the extent that the order
does not prescribe otherwise, the testimony or statement shall be taken, and the
document or other thing produced, in accordance with the Federal Rules of Civil
Procedure.

A person may not be compelled to give his testimony or statement or to produce
a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).  To obtain discovery for an international proceeding, the applicant must

satisfy three threshold requirements: (1) that the applicant is an "interested person;" (2) that

the discovery is to be used in a proceeding in a foreign or international tribunal; and (3) the

target of discovery is a person who resides or may be found in the District.  *See In re Perez*

*Pallares*, Civil Action No. 10-cv-2528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 2010).

Meeting the statutory requirements is necessary but not sufficient for the granting of

such application.  The court retains discretion to determine whether such discovery is proper.  *See Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 260 (2004).  Under *Intel*, a court must consider: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad; (3) the receptivity of the foreign government or the court or agency abroad to federal court assistance; (4) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and (5) whether the request contains unduly intrusive or burdensome requests.  *See id.*

## ANALYSIS

Here, the record before the court establishes that the Applicant is an interested person and the discovery is to be used in both a civil litigation and in aid of a foreign investigation. [#1; #1-4 at ¶¶ 51, 53]. The statutory question that remains is whether the Discovery Subjects are "found" with the District of Colorado for the purposes of 28 U.S.C. § 1782(a).

***Statutory Requirements of Resides or "Found".***  With respect to the Fialdini Discovery Subjects, Applicant cited, and this court found, no authority from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") or this District defining the term "found in" as used in § 1782(a).  However, the United States District Court for the District of New Jersey found that a foreign national who was "admittedly present and can be found in New Jersey on a consistent basis every year" was "found in" the District for the purposes of the statute.  *See In re Matter of Application of Oxus Gold PLC,* No. MISC.06-82, 2006 WL 2927615, at *5 (D.N.J. Oct. 11, 2006).  The court further notes that the Colorado long-arm statute provides that Colorado courts have personal jurisdiction, whether a resident of Colorado or not, over any person in a cause of action arising from "[t]he ownership, use, or possession of any real property situated in this state." Colo. Rev. Stat. § 13-1-124(1)(c).  The record reflects that the Fialdini Discovery Subjects are routinely present in Aspen, Colorado, and that

the discovery directed at them pertains, in part, to the potential misuse of the Foundation's funds in renting real property in Colorado. Having found no contrary authority, this court concludes that the Fialdini Discovery Subjects are "found" in the District of Colorado.

With respect to the Aspen LLC, the corporation is a Florida corporation. [Attach. 1]. It is clear that at least one of its (and perhaps its only) holdings is located in the District of Colorado. Courts in this District have determined that a foreign corporation is "found" in Colorado when its principal place of business is located in Colorado. *See In re Application of Michael Wilson & Partners, Ltd.*, No. CIV.A. 06-CV-02575MS, 2007 WL 2221438, at *2 (D. Colo. July 27, 2007). Other courts have looked to whether the court would be able to exercise general personal jurisdiction over the corporation to comport with due process. *See In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 452 (S.D.N.Y. 2018), *aff'd sub nom. In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016). The court in the case cited by Applicant, *In re MTS Bank*, No. 17-21545-MC, 2017 WL 3155362, at *4 (S.D. Fla. July 25, 2017), relied upon a particular statutory section of Florida state law. *Id.* at *4.

Guided by these principles, this court first observes that "federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *See Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 753, 187 L. Ed. 2d 624 (2014). As discussed above, the Colorado long-arm statute extends personal jurisdiction over a person for a cause of action arising from the ownership, use, or possession of real property in Colorado. Colo. Rev. Stat. § 13-1-124. For foreign corporations, the inquiry for general personal jurisdiction asks whether the corporation's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Leachman Cattle of Colorado, LLC v. Am. Simmental Ass'n*, 66 F. Supp. 3d 1327, 1335 (D. Colo. 2014). Given that Aspen LLC owns and rents property in the District of Colorado, and the fact that this discovery request pertains

to the potential payment of rental fees for such property, this court finds that there is sufficient evidence to conclude that for the purposes of §1782(a), Aspen LLC is "found" in this District.

*Discretionary Factors*.  Finally, this court turns to the discretionary factors laid out by the Supreme Court in *Intel*.  Though this court finds that most of the discretionary factors weigh in favor of the grant of the Application, the subpoenas to the Fialdini Discovery Subjects include broad requests seeking "all documents and communications" regarding 43 entities, many of which are not discussed within the Application, the Declaration of Attorney Darryl Stein, or the Declaration of Jose Alvarado Fierovanti.  *See* [#1 at 29-30, #1-2, #1-3].  The breadth of these requests, without further explanation, gives this court pause, as the only justification appears to be attorney argument that the discovery is sought about entities and individuals "that may have information about Américo's schemes, including: (i) unauthorized transfers of the Foundation's and/or FCW Incorporadora's (now known as Aguifi) funds, and (ii) other contemplated or completed business or financial transactions concerning the Foundation and/or FCW Incorporadora."  [#1 at 29-30].  But the record is insufficient for this court to determine whether or not these broad requests are unduly burdensome or improperly intrusive, and thus, this court reserves on these issues to an appropriate time to the extent the Discovery Subjects seek relief from this court once served with subpoenas.

## CONCLUSION

For the reasons set forth herein, it is therefore **ORDERED** that:

(1)     The Application [#1] is **GRANTED**;

(2)     Applicant is authorized to serve the subpoena annexed as Exhibit 1 to the declaration of Darryl Stein upon Américo Fialdini Júnior;

(3)     Applicant is authorized to serve the subpoena annexed as Exhibit 2 to the declaration of Darryl Stein upon Guilherme Schmidt Sarmento Fialdini;

(4)     Applicant is authorized to serve the subpoena annexed as Exhibit 3 to the declaration of Darryl Stein upon Filipe Kismajoros Fialdini;

(5)     Applicant is authorized to serve the subpoena annexed as Exhibit 4 to the

declaration of Darryl Stein upon Renata Caruso Fialdini;

(6)     Applicant is authorized to serve the subpoena annexed as Exhibit 5 to the declaration of Darryl Stein upon Sergio Fialdini Neto;

(7)     Applicant is authorized to serve the subpoena annexed as Exhibit 6 to the declaration of Darryl Stein upon Fabiana Ulson Zappa Fialdini;

(8)     Applicant is authorized to serve the subpoena annexed as Exhibit 7 to the declaration of Darryl Stein upon Aspen 2306, LLC;

(9)     The Discovery Subjects are directed to respond to such subpoenas pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, including to produce the documents in their possession, custody, and control; and to give their testimony by no later than 14 (fourteen) days after the service of the subpoenas, **subject to any appropriate actions under such Rules, including motions to quash under Rule 45 or motions for protective orders under Rule 26(c)** .

DATE: January 26, 2021                              BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge