IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-mc-0007-WJM-NYW

IN RE: *EX PARTE* APPLICATION UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM AMÉRICO FIALDINI JUNIOR, GUILHERME SCHMIDT SARMENTO FIALDINI, FILIPE KISMAJOROS FIALDINI, RENATA CARUSO FIALDINI, SERGIO FIALDINI NETO, FABIANA ULSON ZAPPA FIALDINI AND ASPEN 2306, LLC

## ORDER

Magistrate Judge Nina Y. Wang

Pending before the court is the Emergency Motion for Leave to Issue Additional Subpoenas Pursuant to 28 U.S.C. § 1782 on an *Ex Parte* Basis ("Emergency Motion") submitted by Fundação Conrado Wessel ("Applicant" or "Foundation"), [#7, filed February 3, 2021], that was referred to this Magistrate Judge for disposition[1] pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated January 11, 2021, and the Memorandum dated February 3, 2021 [#8].[2] Upon consideration of the Emergency Motion under 28 U.S.C. § 1782 to serve additional subpoenas to American Airlines, Inc., United Airlines, Inc., and Delta Air Lines, Inc (collectively, "Airlines"), and Theresa O'Keefe-Klein ("Ms. O'Keefe-Klein," together with the Airlines, "Additional Discovery Subjects), this court **respectfully GRANTS IN PART and DENIES IN PART** the Emergency Motion.

---

[1] Though the United States Court of Appeals for the Tenth Circuit has not expressly passed on the issue, this court notes that other courts within the District of Colorado have concluded that a Magistrate Judge can proceed by order when considering applications for discovery pursuant to 28 U.S.C. § 1782. *See, e.g., Interbrew Central European Holding BV v. Molson Coors Brewing Co.*, No. 13-cv-02096-MSK-KLM, 2013 WL 5567504, at *1 (D. Colo. Oct. 9, 2013). Thus, this court proceeds by Order, subject to review for clear error. *Id.*

[2] The court uses this convention [#__] to refer to the docket entry assigned by the District's Electronic Court Filing ("ECF") system, and uses to page number assigned by the ECF system, rather than any internal numbering used by the Applicant for the purposes of consistency.

## LEGAL STANDARDS

Section 1782(a) of Title 28 of the United States Code provides:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). To obtain discovery for an international proceeding, the applicant must satisfy three threshold requirements: (1) that the applicant is an "interested person;" (2) that the discovery is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is a person who resides or may be found in the District. *See In re Perez Pallares*, Civil Action No. 10-cv-2528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 2010).

Meeting the statutory requirements is necessary but not sufficient for the granting of such application. The court retains discretion to determine whether such discovery is proper. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004). Under *Intel*, a court must consider: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad; (3) the receptivity of the foreign government or the court or agency abroad to federal court assistance; (4) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and

(5) whether the request contains unduly intrusive or burdensome requests. *See id.*

## BACKGROUND

Applicant initiated this miscellaneous action before the United States District Court for the District of Colorado on January 8, 2021 by filing an *Ex Parte* Application For Order to Take Discovery Pursuant to 28 U.S.C. § 1782 and Incorporated Memorandum of Law ("*Ex Parte* Application"). [#1]. In the *Ex Parte* Application, the Foundation sought to take the depositions and obtain documents from certain individuals, including but not limited to Americo Fialdini Junior ("Mr. Fialdini"), the former president of the Foundation. [*Id.*]. The Foundation represented that there was an ongoing civil case and criminal investigation in Brazil into potential embezzlement of Foundation funds by Mr. Fialdini, which were then converted by Mr. Fialdini into funds for his and his family's personal gains, including the rental of a property in Aspen, Colorado. [*Id.*]. The Foundation contended that venue was proper in this District because Mr. Fialdini and certain family members ("Fialdini Discovery Subjects") could be "found" in this District and that all other statutory and discretionary factors had been satisfied. [*Id.*]. Despite its concerns regarding the breadth of the requests made through the subpoenas to the Fialdini Discovery Subjects, this court granted the *Ex Parte* Application and reserved on the issue of whether such broad requests were unduly burdensome or improperly intrusive for an appropriate time to the extent the Fialdini Discovery Subject sought relief from the court on January 26, 2021. [#6 at 6]. This court also granted leave to serve a subpoena on Aspen 2306, LLC, the owner of the rental property at which the Fialdini Discovery Subjects resided in Aspen, Colorado. [*Id.* at 7]

The Foundation effectuated service of the subpoena upon Aspen 2306, LLC on January 28, 2021. [#7 at 3]. Although the rental property appeared occupied as of January 29, 2021 and was rented until March 2021, by Monday, February 1, 2021, the Fialdini Discovery Subjects had departed from the property. [*Id.* at 4]. That day, Applicant's investigator and

3

process server spoke to Ms. O'Keefe-Klein, who identified herself as the realtor of the property. [*Id.* at 4; #7-1 at ¶ 9]. Ms. O'Keefe-Klein indicated that although the property had been rented through March 2021, the Fialdini Discovery Subjects had left unexpectedly early in the morning on February 1, 2021. [#7 at 4; #7-1 at ¶ 9].

Applicant then filed this instant Emergency Motion, arguing that the court should grant leave pursuant to 28 U.S.C. § 1782 to serve additional subpoenas on the Airlines and on Ms. O'Keefe-Klein. Applicant explains that the Fialdini Discovery Subjects are not expected to return to Brazil until February 10, 2021, and thus the court must act in an expeditious manner to allow these subpoenas so that the Applicant can "(1) ascertain the whereabouts of the Fialdini Discovery Subjects so that they may be served with the subpoenas authorized by the Court, and (2) provide an evidentiary record of the Fialdini Discovery Subjects' efforts to evade service of lawfully issued subpoenas, which can be used in ongoing foreign proceedings." [#7 at 2]. The court considers the Applicant's arguments below.

## ANALYSIS

As discussed above, and its previous Order [#6], this court notes that there are three statutory requirements before discovery can be obtained pursuant to § 1782: (1) that the applicant is an "interested person;" (2) that the discovery is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is a person who resides or may be found in the District. *See In re Perez Pallares*, Civil Action No. 10-cv-2528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 2010). Because this court finds that the Applicant is an interested person, it focuses its analysis on the second two factors.

### I.   Discovery to be Used in a Proceeding in a Foreign or International Tribunal

#### A.   Airline Subpoenas

With respect to the Airlines, Applicant seeks to serve subpoenas for:

1. All Documents and Communications sufficient to identify all flights taken or

>scheduled to be taken by the Fialdini Discovery Subjects from January 1, 2021 onward, including but not limited to flights to or from Aspen/Pitkin County Airport and Denver International Airport in Colorado.
>
>2. Documents detailing the methods and accounts used to make payment for all air tickets used or purchased by the Fialdini Discovery Subjects.
>
>3. Account statements for all frequent flyer accounts and/or other customer loyalty program accounts held by the Fialdini Discovery Subjects from January 1, 2021 onward.

*See* [#7-10 at 9-10; #7-11 at 9-10; #7-12 at 9-10]. The subpoena has no return date, and purports to be subject to a continuing obligation for production until "the final disposition of this matter." [#7-10 at 7; #7-11 at 7; #7-12 at 7].

***Use in Foreign Proceeding or Tribunal.*** As an initial matter, the proposition that a court can issue additional subpoenas, and the cases that Applicants cite, *see* [#7 at 10], are inapposite. The issue is not whether the court can grant additional subpoenas that satisfy the same statutory and discretionary factors as initial subpoenas. Rather, the salient issue is whether § 1782 can be used to discover information that is not intended to be used in a proceeding in a foreign or international tribunal, but rather to "ascertain the whereabouts of the [] Discovery Subjects so that they may be served with the subpoenas authorized by the Court." [#7 at 2]. Applicant cites no authority, and this court could not find any, that suggests that § 1782 can be used for that purpose. Indeed, the location of these witnesses is not for use in the Brazilian civil proceeding or the criminal investigation. Rather, the stated purpose of this information is an attempt to ascertain the location of the Fialdini Discovery Subjects—whether or not they are within this District. That this Emergency Motion comes later in time does not transform its nature from being outside to the scope of § 1782 to within it or allow it to piggyback on the prior analysis regarding use.

5

In addition, this court is not persuaded that the information from the Airlines is to be used "to provide an evidentiary record of the Fialdini Discovery Subjects' efforts to evade service of lawfully issued subpoenas, which can be used in ongoing foreign proceedings."  It is clear from the Emergency Motion that it is certainly not the main objective.  Indeed, to the extent that the Applicant seeks information that demonstrates to the Brazilian court that "[e]vidence of the Fialdini Discovery Subjects' evasion of service of lawfully issued subpoenas would be probative evidence of dissipation that would be considered by the Appellate Court and would be highly relevant to the Civil Police criminal investigation," [#7-6 at ¶ 13], the Declaration of Ms. DeEtte Bryson [#7-1], its associated exhibits, and any information that can be ascertained from Ms. O'Keefe-Klein, is more pertinent and sufficient to establish that the Fialdini Discovery Subjects departed from their rental property earlier than expected, in a hurried manner, and after the service of the subpoena on 2306 Aspen LLC, than information regarding their travel plans.

Finally, the frequent flier information—presumably that will show travel of the Fialdini Discovery Subjects from January 2021 to some undefined point in the future—is overbroad.

***Found in This District***.  It is also unclear that American Airlines, United Airlines, or Delta Airlines are "found" in this District for the purposes of § 1782.  There is no evidence that any of these three Airlines are incorporated in Colorado or have their principal place of business in this District that would permit general personal jurisdiction to lie.  *See In re Del Valle Ruiz,* 342 F. Supp. 3d 448, 452 (S.D.N.Y. 2018) (construing "found" for the purposes of 28 U.S.C. § 1782 in a District that can exercise personal jurisdiction over the discovery target)*, aff'd sub nom. In re del Valle Ruiz,* 939 F.3d 520 (2d Cir. 2019*); In re Ex Parte Application of Qualcomm Inc.,* 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016) (same); *Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014) (holding a corporation is "at home" for purposes of general personal jurisdiction in the state in which it is incorporated or

has its principal place of business). Nor has Applicant established that this action arises out of any contact these Airlines have with the District. Indeed, it is not clear that the Fialdini Discovery Subjects traveled on any of these airlines to this District.

Thus, this court concludes that it lacks the authority to grant the Emergency Motion as to the Airlines because the Applicant has not met all the statutory requirements. Thus, having reached that conclusion, this court need not consider the discretionary factors. Accordingly, discovery as to the Airlines will be **DENIED.**

  **B.** **Ms. O'Keefe-Klein**

Applicant also seeks to serve a subpoena upon Ms. O'Keefe-Klein as follows:

1. All Documents and Communications relating to any of the Individuals that relates to or evidences any payment, transaction, transfer, conveyance, wire, debit, credit, payment messages and/or payment orders regarding the property at 64 Prospector Road, Aspen, Colorado, (the "Property") including but not limited to any payments made to Coldwell Banker, Global Luxury or any affiliate rental company through which You rent the Property.

2. All Documents and Communications relating to any of the Individuals that relates to or evidences rental reservation details, including details sufficient to identify the originally reserved start date and end date of the rental reservation, as well as details sufficient to identify the actual start date and end date of the rental reservation (i.e., reservation details sufficient to identify the arrival and departure dates of above listed Individuals relative to the Property).

3. All Documents and Communications relating to any of the Individuals that relates to or evidences forwarding addresses they may have left following their departure from the Property, and contact phone numbers.

[#7-12 at 9-10].

*Statutory Factors*.  For the reasons stated in the Order [#6], this court concludes that the information sought regarding the Fialdini Discovery Subject's payment (and the potential disproportionality to the Fialdini Discovery Subject's income) is appropriately in the scope of § 1782.  In addition, to the extent that the Applicant seeks information regarding the reservations, arrival, and departure of the Fialdini Discovery Subjects, this court finds that such information is appropriately targeted for use in a foreign proceeding.  But to the extent that the Applicant seeks forwarding information, for the reasons stated above, this court has found no authority for the proposition that Applicant can use 28 U.S.C. § 1782 to ascertain the location of the Fialdini Discovery Subjects.  Finally, according to Ms. Bryson's Declaration, Ms. O'Keefe-Klein was located at the rental property and self-identified as the realtor for the rental property.  [#7-1 at ¶ 9].  Given this evidence, this court concludes that Ms. O'Keefe-Klein is found in the District of Colorado for the purposes of 28 U.S.C. § 1782.

Thus, this court will **GRANT** leave to serve the subpoena to Ms. O'Keefe-Klein, subject to the striking of Topic 3 in the proposed subpoena.

## CONCLUSION

For the reasons set forth herein, it is therefore **ORDERED** that:

(1)    The Emergency Motion for Leave to Issue Additional Subpoenas Pursuant to 28 U.S.C. § 1782 on an Ex Parte Basis [#7] is **GRANTED IN PART and DENIED IN PART**;

(2)    Applicant is **GRANTED LEAVE** to serve the subpoena annexed as [#7-12], subject to the striking of Topic 3; and

(3)    All other relief is **DENIED**.

DATED: February 5, 2021                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge